IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOUGLAS M. JACKSON, SR.,

    Plaintiff,

v.                                                    CASE NO. 1:05-cv-00155-MP-AK

STEVEN SINGER,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 50, Report and Recommendation of the Magistrate Judge, recommending that Defendant's Motion for Summary Judgment, Doc. 42, be granted, and that Plaintiff's amended complaint, Doc. 31, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge filed the Report and Recommendation on Wednesday, August 23, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made. In this instance, however, no objections were made.

Following transfers from the Southern District and the Middle District, this case reached the Court with only one claim remaining: Plaintiff alleges that his transfer to Columbia Correctional Institute, which allegedly placed him in danger at the hands of the Warden Singer and his staff, was in retaliation of Plaintiff's past practice of filing grievances and lawsuits. Plaintiff contends that he became well-known during his first period of incarceration at Columbia in 2000 for filing grievances and lawsuits, and that when he was transferred back to

Columbia in 2004, "bad blood" existed between him and the correctional staff.  Because of this, Plaintiff states he has been assaulted, threatened, and that his life is in danger.

The Court agrees with the Magistrate that Plaintiff Jackson has not established a violation of his constitutional rights through retaliation for the exercise of his First Amendment rights.  "A prisoner can establish retaliation by demonstrating that the prison official's actions were 'the result of his having filed a grievance concerning the conditions of his imprisonment.'" <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir. 2003) (citing <u>Wildberger v. Bracknell</u>, 869 F.2d 1467, 1468 (11th Cir.1989)).  In this case, no evidence demonstrates that a causal relationship exists between either past or recent First Amendment activities and the alleged retaliation.  As Defendant Singer was not the Warden at Columbia in 2000 when Plaintiff was first housed there nor was he involved in the decision to transfer Plaintiff to Columbia in 2004, as no policy prohibited the transfer of Plaintiff back to Columbia, and as Defendant Singer approved Plaintiff's grievance concerning possible retaliation and directed that an investigation be conducted into the claims, the Court agrees with the Magistrate that it is "difficult to discern a retaliatory motive behind Defendant's actions." Doc. 50 at 15.  Furthermore, Plaintiff has produced no evidence beyond mere general attacks to rebut this showing by the Defendant of the lack of retaliatory intent.

Because there is no evidence of retaliation from which a jury could find that Plaintiff has carried his burden of proving the requisite motive, Plaintiff has wholly failed to state a claim under the First Amendment for relief.  <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 600 (1998).  Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 19, is adopted and incorporated by reference in this order

2. Defendant's Motion for Summary Judgment, Doc. 42, is GRANTED.

3. Plaintiff's Amended Complaint, Doc. 31, is DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

4. The Clerk is directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this   *18th* day of October, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge